indicated, the question of fraudulent inducement did not come within the purview of the interpretation or nonperformance of the agreement. The question of the validity of the contract itself was not in issue because the parties affirmed it as was done in this case. Moreover, in the case before us the clause which necessitates arbitration provides and includes "All claims, disputes, differences and controversies arising under or in connection with" the agreement. It is of such breadth as to compel a finding that the parties intended to arbitrate such dispute as has arisen — particularly so, when the representations complained of are set forth within the contract itself. Concur — Rabin, J. P., Valente, McNally and Stevens, JJ.; M. M. Frank, J., concurs in the following memorandum: I am constrained to affirm on the authority of *Matter of Amerotron Corp.* [*Shapiro Woolen Co.*] (3 A D 2d 899, affd. without opinion 4 N Y 2d 722).

■ M. W. KELLOGG COMPANY, Respondent, v. MONSANTO CHEMICAL COMPANY et al., Appellants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent . No opinion. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ SUZANNE KOPLIN, an Infant by Her Guardian ad Litem MARION KOPLIN, et al., Respondents, v. STEPHEN D. STEPHANIDES, Appellant.— Order unanimously reversed on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion denied, with $10 costs. The history of this case, the earlier stipulation to transfer to the City Court, the absence of additional facts or circumstances of merit, persuade us that there is no warrant for the granting of plaintiffs' application. We do not find in any of the actions of defendant, subsequent to the granting of the order of transfer, a basis for determining that defendant so acquiesced in the order as to deprive him of his right to appeal. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ SUZANNE KOPLIN, an Infant by Her Guardian ad Litem MARION KOPLIN, et al., Respondents, v. STEPHEN D. STEPHANIDES, Appellant.— Motion to dismiss appeal denied. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ In the Matter of THOMAS J. KAVANAGH, Appellant, against ANNA QUINN, Respondent.— Appeal unanimously dismissed, without costs. In view of the fact that a writ has been issued, this appeal has become academic. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ JANET E. ABELOW, Appellant, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent. ABELOW & CO., INC., Appellant, v. WILLIAM BAXTER et al., Respondents.— Order directing a joint trial is unanimously affirmed, with $20 costs and disbursements to the respondents. In view of the fact that the issue of fraud in the inducement to enter into the insurance contracts is common to both actions they should be tried together. However, to avoid prejudice, it is recommended that the issue of fraud in connection with the insurance policies, common to both actions, be separated and tried first. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ HAROLD K. BARON, Appellant, v. KINGS-SUFFOLK REALTY CORP. et al., Defendants, and ALBERT GLASS et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. Further examination before trial of defendants Glass and Falitz was properly denied. Primarily, those defendants were extensively examined in 1956 and plaintiff took no steps to continue those examinations until the instant application was made. Both because of plaintiff's inaction for the long intervening period and